No. 2021-2218

# In the United States Court of Appeals for the Federal Circuit

GOOGLE LLC,

*Appellant,*

v.

HAMMOND DEVELOPMENT INTERNATIONAL, INC.,

*Appellee.*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in IPR2020-00081

## BRIEF OF APPELLEE HAMMOND DEVELOPMENT INTERNATIONAL, INC.


TIMOTHY E. GROCHOCINSKI
C. AUSTIN GINNINGS
NELSON BUMGARDNER CONROY PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
(708) 675-1975
tim@nelbum.com
austin@nelbum.com

*Counsel for Appellee Hammond Development International, Inc.*



COUNSEL PRESS · (866) 703-9373 PRINTED ON RECYCLED PAPER

**Exemplary Claims of U.S. Patent No. 10,270,816**

14. A communication system, comprising:

a plurality of application servers;

a first communication link coupled to the plurality of application servers, the first communication link comprising a data connection;

***a first one of the plurality of application servers configured to execute a first application*** to establish a communication session with at least one communication device coupled to the first communication link in response to a request from the at least one communication device to establish the communication session;

***a second one of the plurality of application servers*** coupled to a second communication link, the second one of the plurality of servers ***either (a) configured to receive a second application*** from at least one repository having a database maintaining the second application over the second communication link, ***or (b) configured to cause an execution of the second application via the second communication link***;

wherein the second communication link comprises a data connection;

wherein the second one of the plurality of application servers is configured to execute or cause the execution of the second application remote from the at least one communication device;

wherein at least one of the plurality of application servers is configured to communicate a request for processing service to the at least one communication device; and

wherein the request for processing service is communicated to the at least one communication device over the first communication link.

18. The communication system of claim 14, wherein the request for processing service comprises an instruction to present a user of the at least one communication device voice data or audio data.

Appx123-124 at 14:47-15:10 (claim 14); Appx124 at 15:21-24 (claim 18) (emphases added).

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2021-2218

**Short Case Caption** Google LLC v. Hammond Development International, Inc.

**Filing Party/Entity** Hammond Development International, Inc.

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 08/31/2021

Signature: /s/ Timothy E. Grochocinski

Name: Timothy E. Grochocinski

**FORM 9. Certificate of Interest**

**Form 9 (p. 2)**
**July 2020**

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| Hammond Development International, Inc. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Joseph P. Oldaker<br>Nelson Bumgardner Albritton PC | Eric Albritton<br>Nelson Bumgardner Albritton PC | Andrew Wright<br>Nelson Bumgardner Albritton PC |
| Brent Bumgardner<br>Nelson Bumgardner Albritton PC | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Hammond Development Int'l, Inc. v. Google LLC, LLC 6:19-cv-00356 (W.D. Tex.) | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS


CERTIFICATE OF INTEREST ……….……………………………….. i

TABLE OF AUTHORITIES …………………………………………….. v

INTRODUCTION ……………..……………………………………… 1

STATEMENT OF THE ISSUES ……………………………………… 2

STATEMENT OF THE CASE ……………………..………………… 3

SUMMARY OF ARGUMENT ……………………..………………… 7

ARGUMENT ………………………………………………………….. 9

I. COLLATERAL ESTOPPEL DOES NOT APPLY …………………... 9

A. Claim 14 of the '816 Patent Is Not Substantially Similar to the Other Adjudicated Claims Relied On By Google ……………………………………………………. 9

B. Google Applied the Wrong Legal Framework and Failed to Meet Its Burden, Focusing Only On the "request for processing" Limitation of Claim 14 ………………………………………… 16

II. THE BOARD DID NOT ERR BY REFUSING TO DEVIATE FROM THE GROUND PRESENTED BY GOOGLE FOR CLAIM 14 …….. 21

III. SINCE THE BOARD CORRECTLY CONFIRMED CLAIM 14, THE BOARD DID NOT ERR BY CONFIRMING THE PATENTABILITY OF DEPENDENT CLAIMS 15 THROUGH 19 .................................. 24

CONCLUSION AND RELIEF SOUGHT…………………………………… 25

# TABLE OF AUTHORITIES

## Cases


*Boston Scientific Scimed, Inc. v. Cook Group Inc.*,
809 Fed. Appx. 984 (Fed. Cir. 2020) .......................... 21

*Bourns, Inc. v. U.S.*,
537 F.2d 486 (Ct. Cl. 1976) ...................................... 16

*Callaway Golf Co. v. Acushnet Co*,
576 F.3d 1331 (Fed. Cir. 2009) ................................ 23

*Grunenthal GMBH v. Antecip Bioventures II LLC,*
IPR2019-00003, 2020 WL 2203740
(P.T.A.B. May 5, 2020) ........................................... 14

*In re Freeman*,
30 F.3d 1459 (Fed. Cir. 1994) .................................. 9

*In re Fritch,*
972 F.2d 1260 (Fed. Cir. 1992) ................................. 23, 25

*Koninklijke Philips N.V. v. Google LLC*,
948 F.3d 1330 (Fed. Cir. 2020) ................................ 22

*Ohio Willow Wood Co. v. Alps South, LLC*,
735 F.3d 1333 (Fed. Cir. 2013) ................................ *passim*

*Palo Alto Networks, Inc. v. Centripetal Networks, Inc.*,
IPR2021-01153, 2022 WL 212245
(P.T.A.B. Jan. 24, 2022) ......................................... 18, 19

*RF Delaware, Inc. v. Pacific Keystone Tech., Inc.*,
326 F.3d 1255 (Fed. Cir. 2003) ................................ 9

*Sirona Dental Systems GmbH v. Institut Straumann AG*,
892 F.3d 1349 (Fed. Cir. 2018) ................................ *passim*

*SK Hynix Inc. v. Netlist, Inc.*,
IPR2017-00561, 2018 WL 3326674
(P.T.A.B. July 5, 2018) .......................................... 13, 14

*Trading Tech. Int'l, Inc. v. IBG LLC,*
921 F.3d 1378 (Fed. Cir. 2019) ................................ 18

*United States v. Great Am. Ins. Co. of N.Y.,*
738 F.3d 1320 (Fed. Cir. 2013) ................................ 18

*Westwood Chemical, Inc. v. U.S.,*
525 F.2d 1367 (Ct. Cl. 1975) .................................. 16, 17, 20

## INTRODUCTION

Google does not challenge the Patent Trial and Appellate Board's ("Board") finding that, under the ground presented by Google in its Petition, claim 14 of the 10,270,816 patent ("the '816 patent") is patentable. Instead, Google attempts a second bite at the apple and asks this Court to apply offensive collateral estoppel based on claims that are not substantially similar to claim 14 of the '816 patent and its dependents. Specifically, Google ignores the fact that claim 14 of the '816 patent requires the additional limitations of "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application." Appx123. These limitations, which are not present in any of the claims relied on by Google in its collateral estoppel analysis, materially alter the question of unpatentability. As such, collateral estoppel does not apply.

Google's other arguments contend that the Board should have deviated from the ground Google presented with respect to claim 14 (i.e., Gilmore and Creamer) and instead applied the ground raised with respect to dependent claim 18 (i.e., Gilmore, Creamer, Dodrill) to the claim 14 analysis. Google's argument is directly contrary to this Court's precedent requiring that "[a]n inter partes review must proceed 'in accordance with or in conformance to the petition.'" *Sirona Dental*

*Systems GmbH v. Institut Straumann AG*, 892 F.3d 1349, 1356 (Fed. Cir. 2018) (internal citation omitted). Moreover, Google's analysis of claim 18 is flawed because Google did not show that the additional elements of claim 14 were present in the cited art (i.e., Google did not show that the cited art discloses "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application …, or (b) configured to cause an execution of the *second* application"). Nor did the Board find that the additional elements of claim 14 elements were present in the cited art.

Lastly, with respect to the confirmed claims that depend from claim 14 (i.e., claims 15-19), Hammond agrees that remand is not necessary. Because Google has failed to meet its burden to establish that claim 14 is unpatentable, it likewise has failed to meet its burden with respect to claims 15-19, and the Board's findings with respect to those claims should be affirmed.

## STATEMENT OF THE ISSUES

1. Does collateral estoppel apply to the confirmed claims of the '816 patent where the confirmed claims contain additional limitations that materially alter the question of invalidity?

2. Should the Board have deviated from the ground Google presented with respect to claim 14 (i.e., Gilmore and Creamer) and instead applied the ground

Google raised with respect to dependent claim 18 (i.e., Gilmore, Creamer, Dodrill) to the claim 14 analysis?

3. If the Board's finding with respect to claim 14 of the '816 patent is properly affirmed, must the Board's finding with respect to the claims that depend from claim 14 (i.e., claims 15-19) also be affirmed?

## STATEMENT OF THE CASE

This matter involves the appeal of the Board's confirmation of the patentability of claim 14 of the '816 patent and its dependent claims. In confirming the patentability of these claims, the Board found that the ground presented by Google with respect to claim 14 (i.e., Gilmore and Creamer) failed to disclose the "request for processing" limitation of claim 14. Appx79-80. In light of this, the Board properly determined that Google had failed to meet its burden of establishing that claim 14 and its dependent claims were invalid. Appx81. The Board did not make any findings with respect to the remaining limitations of claim 14, or the obviousness evidence presented by Google or Hammond. Appx77-81. Google's present appeal does not challenge that the references used by the Board to determine the patentability of claim 14 (i.e., Gilmore and Creamer) constitute the ground under which Google requested *inter partes* review.

Claim 14 of the '816 patent materially differs from the other independent claims in the '816 patent in that it contains the additional limitations of "a *first* one

of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application." Appx123. None of the other '816 patent independent claims, or the adjudicated claims of Hammond's 9,264,483 patent ("the '483 patent") or 10,264,032 patent ("the '032 patent"), contain these additional limitations. Appx123-124; Appx2578-2579; Appx3988-3989.

The '816 patent discusses the embodiment claimed by claim 14 in the context of Figures 1B (shown below) and 1C.



FIG. 1B

Appx114. In describing Fig. 1B, the '816 patent states:

> FIG. 1B is a block diagram of one example embodiment of communication system **10** that enables a client **18** to have one or more applications **28** executed remotely. FIG. 1B is similar to FIG. 1A; however, in this particular embodiment, system **10** includes a plurality of application servers **24** *a*-**24** *n* coupled to network **12**. Coupling multiple application servers **24** to system **10** advantageously allows system **10** to handle a larger number of simultaneous requests from users of clients **18** *a*-**18** *n*.
>
> In an alternative embodiment, system **10** could include a load balancer (not illustrated) that is coupled to network **12** and application servers **24** *a*-**24** *n*. In that example, the load balancer can comprise logic that enables it to decide which application server **24** *a*-**24** *n* can support a particular request or application **28**. In some cases, the load balancer can perform a round-robin assignment. In other cases, the load balancer can choose a particular application server **24** based on dynamic information. For example, the load balancer could choose application server **24** *b* since it just handled a similar request and already has the desired application downloaded.

Appx120 (8:14-34). Claim 14 of the ’816 patent further narrows the scope of the claimed invention, requiring not only a “plurality of application servers,” but specifically requiring “a *first* one of the plurality of application servers configured to execute a *first* application” and “a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application.” Appx123. In this appeal, Google does not identify where these limitations are present in any other claims of the ’816, ’483, or ’032 patents. *See generally*, Google Brief. This is because these additional, narrowing limitations are only present in claim 14 of the ’816 patent and its dependent claims. Appx123-124.

In its Petition, Google cited to U.S. Publication No. 2004/0122941 ("Creamer") as disclosing the additional limitations of claim 14. Appx558. Specifically, Google relied on the following excerpt from Creamer in support of its position:

> [0025] The IVR system 125 can include one or more IVR applications hosted on one or more IVR servers. In one embodiment, the IVR system can be a network element that interfaces with the telecom network 110 through the media gateway 115. In another embodiment, the IVR system 125 can include a stand-alone solution contained within a single server interfacing directly with the telecom network 110 without being communicatively linked to the computer communications network 120. The IVR system 125 can alternatively be implemented by multiple servers in a distributed fashion.

Appx1795-1796 ([0025]). But this cited passage does not disclose the additional limitations of "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application."

Additionally, the Board did not make any findings with respect to whether Creamer disclosed "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application," as required by claim 14. Appx123. The

Board merely found that Creamer disclosed "a plurality of servers" as required by claims 7 and 8 of the '816 patent. Appx78, n. 17; Appx82.

## SUMMARY OF THE ARGUMENT

The Board correctly confirmed the patentability of claim 14 of the '816 patent and its dependent claims (i.e., claims 15 – 19). These findings should be affirmed.

Google does not dispute that its sole ground challenging the validity of claim 14 (i.e., Gilmore and Creamer) did not disclose all the limitations of claim 14. Rather, Google attempts to rectify its failure to meet its burden with respect to claim 14 by (1) asking this Court to apply offensive collateral estoppel based on claims that are *not substantially similar* to claim 14 of the '816 patent and its dependents; and (2) suggesting that the Board should have deviated from the ground presented by Google with respect to claim 14 (i.e., Gilmore and Creamer) and instead applied the ground Google raised with respect to claim 18 (i.e., Gilmore, Dodrill, and Creamer) to claim 14.

First, Google has failed to meet its burden of establishing that collateral estoppel applies. Specifically, Google has not, and cannot, establish the first element of collateral estoppel—the identity of issues between claim 14 of the '816 patent and the claims from the '483, '032, and '816 patents that were found invalid—because differences exist between claim 14 of the '816 patent and the invalidated claims that materially alter the question of patentability. Google has failed to show otherwise.

Google's estoppel analysis completely ignores the fact that claim 14 of the '816 patent requires the limitations of "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application." Appx123. These limitations are not present in any of the other claims and materially alter the question of patentability. As such, collateral estoppel does not apply.

In addition, Google's identity-of-issues analysis is flawed in that it focuses on a sole limitation—the "request for processing" limitation—in isolation as opposed to claim 14 and the dependent claims as a whole. As the party asserting offensive collateral estoppel, it is Google's burden to show that the claims' differences do not materially alter the question of invalidity. Here, Google's conclusory analysis did not even address the claims' differences, in particular claim 14's additional limitations.

Second, Google's contention that the Board should have deviated from the ground Google presented with respect to claim 14 (i.e., Gilmore and Creamer) and instead applied the ground raised with respect to dependent claim 18 (i.e., Gilmore, Creamer, and Dodrill) to the claim 14 analysis is directly contrary to this Court's precedent requiring that "[a]n inter partes review must proceed 'in accordance with or in conformance to the petition.'" *Sirona Dental*, 892 F.3d at 1356 (internal

citation omitted). As acknowledged by the Board, "the petitioner is master of its complaint." Appx80.

Lastly, with respect to the confirmed claims that depend from claim 14 (i.e., claims 15 – 19), Hammond agrees that remand is not necessary. Because Google has failed to meet its burden to establish that claim 14 is unpatentable, it likewise has failed to meet its burden with respect to claims 15 – 19, and the Board's findings with respect to those claims should be affirmed.

## ARGUMENT

### I. COLLATERAL ESTOPPEL DOES NOT APPLY.

#### A. Claim 14 of the '816 Patent Is Not Substantially Similar to the Other Adjudicated Claims Relied On By Google.

As the party seeking to invoke collateral estoppel, Google bears the burden to prove all necessary elements. *RF Delaware, Inc. v. Pacific Keystone Tech., Inc.*, 326 F.3d 1255, 1261 (Fed. Cir. 2003). Collateral estoppel is appropriate only if: "(1) the issue is identical to the issue decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) plaintiff had a full and fair opportunity to litigate the issue in the first action." *In re Freeman*, 30 F.3d 1459, 1465 (Fed. Cir. 1994) (internal citation and quotation marks omitted).

For collateral estoppel to apply, patent claims need not be identical. *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013).

"Rather, it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Id*. (emphasis in original) (internal citations omitted). Accordingly, if the differences between the unadjudicated patent claims and the adjudicated patent claims materially alter the question of invalidity, collateral estoppel does not apply. *Id*. (internal citation omitted).

In the present case, there are differences between claim 14 of the '816 patent and the adjudicated claims relied on by Google that materially alter the question of invalidity. Specifically, claim 14 of the '816 patent requires "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application." Appx123. These specific limitations, which relate to the embodiment of Figure 1B, are not present in any of the adjudicated claims relied on by Google. Appx123-124; *see also* "Statement of the Case" section of this brief *supra*.

Google does not argue otherwise. In Google's chart comparing claim 1 of the '816 patent to claim 14 of the '816 patent, Google does not address claim 14's requirement of *two* distinct application servers that interact with the recited *two* distinct applications in a specific manner. Google Br., pp. 8-10. Indeed, claim 1 of the '816 patent *does not* recite a second application server, let alone one that is "either (a) configured to receive a *second* application … or (b) configured to cause

an execution of the *second* application." In addressing claim 14's absence of two application servers, Google asserts that "the Board found that the prior art reference Creamer disclosed a plurality of application servers." Google Br., p. 10. But even if this argument is credited by the Court, Google does not address the additional limitations of claim 14 regarding the two application servers being configured to interact with the *two applications* in a specific manner (e.g., "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application"). This is fatal to Google's attempt to apply offensive collateral estoppel.

Similarly, in its attempt to compare the '483 patent claims to claim 14 of the '816 patent, Google ignores the fact that claim 10 of the '483 patent recites "one or more application servers" and then requires that the remaining functionality be performed by "at least one" of the application servers. Google Br., pp. 12-14. In other words, nowhere in the '483 patent claims is there "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application" as required by claim 14 of the '816 patent. Appx123. In this comparison, Google again attempts to gloss over the lack of required disclosure by focusing on claim 18's

requirement of "a plurality of application servers." Google Br., p. 14. However, this argument, even if credited by the Court, again ignores the additional limitations of claim 14 (e.g., "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application"). This is fatal to Google's attempt to apply offensive collateral estoppel.

The additional limitations in claim 14 of the '816 patent that are not present in the other adjudicated claims relied on by Google materially alter the question of invalidity. In fact, Google relies on a single paragraph from Creamer as disclosing these additional limitations. Appx560-562. However, in its findings with respect to the adjudicated claims, the Board held that this single paragraph from Creamer merely discloses a "plurality of application servers." Appx77-82; Google Br., pp. 10, 14. Google acknowledges this fact in its brief. Google Br. at 10 and 14. At no point did the Board ever find that Creamer discloses the narrower limitations of claim 14, which require "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application." Appx123. This is because Creamer does not disclose these additional limitations.

These additional, different limitations that are only present in claim 14 of the ’816 patent materially alter the question of invalidity. Indeed, the additional limitations relate to Figure 1B and the disclosure of alternative embodiments associated therewith, which relate to a multiple server embodiment whereby each server may host particular applications. Appx120 (8:23-34) (“In an alternative embodiment, system **10** could include a load balancer (not illustrated) that is coupled to network **12** and application servers **24*a*-24*n***. In that example, the load balancer can comprise logic that enables it to decide which application server **24*a*-24*n*** can support a particular request or application 28…. ***For example, the load balancer could choose application server 24b since it just handled a similar request and already has the desired application downloaded***.”). The advantages from using application specific servers are readily apparent (e.g., not having to re-download applications, speed, etc.). Google has not, and cannot, show that claim 14 simply “uses slightly different language to describe substantially the same invention.” *Ohio Willow Wood*, 735 F.3d at 1342-43.

In situations such as this, where the unadjudicated claims contain elements that are not present in the adjudicated claims, and where those elements give rise to arguments over the prior art, collateral estoppel does not apply. For example, in *SK Hynix Inc. v. Netlist, Inc.*, No. IPR2017-00561, 2018 WL 3326674, at *5 (P.T.A.B. July 5, 2018), the Board found that unadjudicated, dependent claim 2 was materially

different than claim 1 because it required that the claimed "plurality of data handlers comprise at least two physically separate components mounted on the printed circuit board." *Id*. at *5. In other words, even though the adjudicated independent claim (i.e., claim 1) required a "plurality of data handlers," which were found present in the prior art, dependent claim 2, which specifically required these "plurality of data handlers" to be "two physically separate components mounted on the printed circuit board," was different enough to avoid application of collateral estoppel. *Id*.

Similar to *SK Hynix,* none of the adjudicated claims relied on by Google require "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application." Appx123. These are meaningful differences, which Google has made no attempt to explain and, in fact, has actually ignored. As such, collateral estoppel does not apply. *See also Grunenthal GMBH v. Antecip Bioventures II LLC,* No. IPR2019-00003, 2020 WL 2203740, at *23 (P.T.A.B. May 5, 2020) (declining to apply collateral estoppel where the claim to which collateral estoppel was trying to be applied contained an additional, new limitation). At a minimum, Google's failure to address these limitations means that Google has not satisfied its burden.

In addition, Google's contention that the Board did not provide a "full and reasoned explanation" for its decision is incorrect. Google Br., pp. 31-33. The Board's Final Written Decision was "full and reasoned," specifically finding that, based on the ground presented, Google had failed to meet its burden of establishing that claim 14 of the '816 patent was invalid. Appx79. Google cites no authority for its contention that the United States Patent and Trademark Office's ("PTO's") Order denying Google's request for Director review must contain any additional reasoning, aside from that contained in the Final Written Decision. Further, Google's contention that the PTO is required to address new arguments raised by Google for the first time in its Request for Director Review—e.g., arguments related to collateral estoppel—is contrary to the PTO's guidelines on the Director review process, which explicitly state that new arguments are not permitted in a Request for Director Review. *See* A7, *available at* https://www.uspto.gov/patents/patent-trial-and-appeal-board/procedures/arthrex-qas. Lastly, this Court reviews collateral estoppel *de novo*. *Ohio Willow Wood,* 735 F.3d at 1341. As such, any argument by Google that findings from the Director on the issue of collateral estoppel are necessary to proceed with this appeal are unfounded. In fact, Google has argued the opposite, contending that the issue of collateral estoppel can be raised for the first time on appeal to this Court. Google Br., pp. 27-28.

In sum, Google has failed to meet its burden of establishing the identity of the issues element for the collateral estoppel test. Claim 14 of the ’816 patent contains additional, meaningful elements that materially alter the question of invalidity. As such, collateral estoppel does not apply and the Board’s findings with respect to claim 14 and its dependent claims should be affirmed.

### B. Google Applied the Wrong Legal Framework and Failed to Meet Its Burden, Focusing Only On the “request for processing” Limitation of Claim 14.

When the identity-of-issues question in the collateral estoppel analysis involves a question of obviousness, the claim as a whole to which estoppel is sought to be applied must be evaluated. *Bourns, Inc. v. U.S.*, 537 F.2d 486, 493 (Ct. Cl. 1976). It is improper to focus the inquiry on a particular element, or to otherwise apply a “domino approach” in which only those elements found to be lacking are analyzed. *Id.*; *Ohio Willow Wood,* 735 F.3d at 1342 (noting that it is the differences between the unadjudicated and adjudicated *claims* that must be analyzed, not only the presence or absence of a particular element).

Citing *Westwood Chemical, Inc. v. U.S.*, 525 F.2d 1367, 1375 (Ct. Cl. 1975), Google incorrectly contends that, because the “request for processing” limitations appears in claim 18 of the ’816 patent and the adjudicated patent claims, these *claim elements* are of identical scope and, therefore, there are no new issues bearing on the obviousness determination. Google Br., pp. 29-30 (emphasis added). However,

*Westwood Chemical* does not stand for the proposition that if an individual claim element is of identical scope then there are no new issues bearing on the obviousness determination. Rather, in *Westwood Chemical* the Court actually held:

> Perhaps the most convenient way to approach a determination of these issues is … ***to compare the litigated and nonlitigated claims***. If they are of identical scope, it readily follows that no new issues bearing on the obviousness determination are presented. On the other hand, such a comparison may reveal some differences of a substantive nature. In that event, it will be necessary to go a step further and determine whether those differences are of a kind that would have been itemized in a Graham analysis as a difference between the claim and the prior art, or whether it was known in the prior art and is only part of the claimed combination as a whole that provides the context in which the obviousness determination is made. If it is only the latter character, i.e., it is known in the prior art and does not alter the issue as to the differences between the claimed subject matter and the prior art, it is still necessary to assess the importance of the difference to the combination as a whole since it is from that standpoint that an obviousness determination is made.

*Westwood Chemical*, 525 F.2d at 1375 (emphasis added). In other words, *Westwood Chemical* makes clear that the estoppel inquiry requires a comparison of the adjudicated *claims* to the unadjudicated *claims* as a whole, not a comparison of an individual claim element as argued by Google. *Id.*

Further, *Westwood Chemical* makes clear that if substantive differences exist, as they do in the present case, the inquiry must carefully examine those differences (e.g., determining whether those differences would have been identified as a difference between the claim and the prior art). *Id*. Google, as the party challenging the presumption of validity and seeking to apply collateral estoppel, bears the burden

of analyzing the differences between claim 14 of the ’816 patent and the adjudicated claims, and establishing that these differences would not have materially altered the obviousness analysis. Google wholly failed to undertake this analysis, let alone meet its burden. Indeed, Google fails to even acknowledge the additional elements in claim 14 of the ’816 patent (e.g., “a *first* one of the plurality of application servers configured to execute a *first* application” and “a *second* one of the plurality of application servers … either (a) configured to receive a *second* application …, or (b) configured to cause an execution of the *second* application”). Additionally, the Creamer reference pointed to by Google for its alleged disclosure of a “plurality of application servers” does not contain the additional limitations with respect to the first and second application servers’ relationship to the first and second applications. And finally, it should be noted that the Board’s findings never address the additional limitations of claim 14 (and its dependents).

Additionally, conclusory assertions with no analysis are insufficient to meet Google’s burden of establishing that collateral estoppel should apply. *See United States v. Great Am. Ins. Co. of N.Y.,* 738 F.3d 1320, 1328 (Fed. Cir. 2013) (“arguments that are not appropriately developed in a party’s briefing may be deemed waived”); *Trading Tech. Int’l, Inc. v. IBG LLC,* 921 F.3d 1378, 1385 (Fed. Cir. 2019) (conclusory assertions with no analysis are insufficient); *Palo Alto Networks, Inc. v. Centripetal Networks, Inc.*, No. IPR No. 2021-01153, 2022 WL

212245, at *8 (P.T.A.B. Jan. 24, 2022) (holding that a mere recitation of claim elements is insufficient to meet a party's burden of establishing that collateral estoppel applies). Here, Google's analysis can hardly be described as anything more than conclusory. In support of its argument, Google provides two tables, the first comparing claim 18 of the '816 patent, which depends from claim 14, to claim 1 of the '816 patent (Google Br., pp. 8-10) and the second comparing claim 18 of the '816 patent to claim 18 of the '483 patent, which depends from claims 10 and 17 (Google Br., pp. 12-14). Google's analysis then focuses on the "request for processing" limitation and completely ignores the additional, meaningful differences between the claims—e.g., claim 14's requirements of "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application …, or (b) configured to cause an execution of the *second* application." Appx123. And with respect to Google's citation to claims from the '032 patent, Google provides no analysis and acknowledges that the '032 patent claims are from the perspective of the "communication device" as opposed to the "communication system." Google Br., p. 15. Moreover, '032 patent claims do not include the additional limitations—i.e., claim 14's requirements of "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one

of the plurality of application servers … either (a) configured to receive a *second* application …, or (b) configured to cause an execution of the *second* application."

Google cannot simply paste claim language side-by-side and conclusorily argue that the claims are the same, especially when material differences are readily apparent based on a cursory review of the claim language. Google Br., pp. 8-10, 12-14; Appx123-124; Appx2578-2580; Appx3988-3989. More is required for Google to meet its burden of establishing the identity-of-issues element of collateral estoppel. Further, Google's analysis of a single element—i.e., the "request for processing" limitation—is similarly insufficient to meet its burden, which must focus on the claims as a whole as opposed to an individual element. *Ohio Willow Wood,* 735 F.3d at 1342; *Westwood Chemical*, 525 F.2d at 1375.

Finally, even if the burden were to lie with Hammond (which, as discussed above, it does not), the differences between claim 14 of the '816 patent and the adjudicated claims present a material difference between that materially alters the validity question. *See supra* Section I.A. As such, collateral estoppel does not apply and Google's attempt to limit the inquiry to only the "request for processing" limitation should be rejected.

## II. THE BOARD DID NOT ERR BY REFUSING TO DEVIATE FROM THE GROUND PRESENTED BY GOOGLE FOR CLAIM 14.

"An inter partes review must proceed 'in accordance with or in conformance to the petition.'" *Sirona Dental*, 892 F.3d at 1356 (internal citation omitted). As this Court stated in *Sirona*,

> 'Nothing suggests the Director enjoys a license to depart from the petition and institute a *different* inter partes review of his own design.' 'The rest of the statute confirms, too, that the petitioner's petition, not the Director's discretion, is supposed to guide the life of the litigation.' '[T]he statute tells us that the petitioner's contentions, not the Director's discretion, define the scope of the litigation all the way from institution through to conclusion.' It would thus not be proper for the Board to deviate from the grounds in the petition and raise its own obviousness theory, as Sirona contends.

*Sirona*, 892 F.3d at 1356; *Boston Scientific Scimed, Inc. v. Cook Group Inc.*, 809 Fed. Appx. 984, 989 (Fed. Cir. 2020) (affirming Board's decision to not decide grounds of unpatentability not raised in the petition).

In the present case, Google contends that the Board should have ignored the ground it relied on for claim 14 (i.e., Gilmore and Creamer) and instead applied the ground it relied on for dependent claim 18 (i.e., Gilmore, Creamer, and Dodrill) to claim 14. Google Br., pp. 22. Google claims that the Board's "narrow" interpretation of its Petition with respect to claim 14 was improper. *Id*. But the Board did not "narrowly" interpret Google's Petition. Rather, the Board held Google to the grounds it presented for claim 14, as it is required to do. Appx79-80; *Sirona,* 892 F.3d at 1356. The Board specifically stated, "we decline to parse the Petition to

present an argument Petitioner could have made but did not, because 'the petitioner is master of its complaint.'" Appx80. Google's attempt to restructure the ground it presented for claim 14 simply because it is unhappy with the result should not be allowed.

This is not the first time Google has attempted to change grounds in an IPR proceeding. In *Koninklijke Philips N.V. v. Google LLC*, this Court held that the Board erred "when it instituted inter partes review based on a combination of prior art references Google did not advance in its petition." 948 F.3d 1330, 1335-36 (Fed. Cir. 2020). In that case, Google argued that the Board properly considered an argument based on a combination of SMIL 1.0 with Hua even though Google did not advance this argument. *Id*. This Court disagreed, noting that "it is the petition, not the Board's 'discretion,' that defines the metes and bounds of an inter partes review." *Id*. (internal citation omitted).

Google's claim that the Board's findings with respect to the '816 patent claims are "inconsistent" is completely irrelevant. Google Br., p. 26. As set forth above, the Board was well within its discretion to review only the grounds presented by Google for claim 14 and its dependents. For claim 14, the Board properly considered only Gilmore and Creamer. For claim 18, the Board properly determined that Dodrill should be considered only with respect to the additional limitations of claim 18. It is not the Board's job to re-write Google's Petition in the name of "consistency."

Additionally, Google's claim that the Board's findings with respect to the '816 patent claims are "inconsistent" is completely inaccurate. As set forth above, claim 14 and its dependents contain additional limitations that the Board never reached because it considered only the ground presented by Google (i.e., Gilmore and Creamer). Had Google's ground for claim 14 included Gilmore, Creamer, and Dodrill, the Board still should have found claim 14 to be valid in view of the additional limitations (e.g., "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application …, or (b) configured to cause an execution of the *second* application").

Finally, Google's reliance on *Callaway Golf Co. v. Acushnet Co*, 576 F.3d 1331, 1344 (Fed. Cir. 2009) is misplaced. Namely, Google asks the Court to (1) ignore the ground Google pursued on claim 14, (2) invalidate dependent claim 18, even though the Board properly found claim 18 to be valid based on Google's failure to meet its burden with respect to independent claim 14, and then (3) find claim 14 invalid under the principle articulated in *Callaway Golf*. Google has it backwards. Google failed to meet its burden with respect to claim 14 and, as such, it has failed to meet its burden with respect to the claims that depend from claim 14. *In re Fritch*, 972 F.2d 1260, 1266 (Fed. Cir. 1992) ("[D]ependent claims are nonobvious if the independent claims from which they depend are nonobvious."). And as set forth

above, the premise of Google's argument—that claim 18 is invalid based on collateral estoppel—is flawed because the claims at issue each contain addition limitations that materially alter the question of unpatentability.

## III. SINCE THE BOARD CORRECTLY CONFIRMED CLAIM 14, THE BOARD DID NOT ERR BY CONFIRMING THE PATENTABILITY OF DEPENDENT CLAIMS 15 THROUGH 19.

As discussed in the preceding section, where a broader independent claim is found to be valid (i.e., claim 14 of the '816 patent), it necessarily follows that its dependent claims (i.e., claims 15-19 of the '816 patent) are likewise valid. *Id.* Google does not dispute that the only ground it presented for claim 14 of the '816 patent—i.e., Gilmore and Creamer—did not disclose the "request for processing" limitation of claim 14. The Board correctly held Google to the sole ground it raised with respect to claim 14, found that Google had failed to meet its burden, and confirmed the patentability of claim 14. Additionally, as discussed *supra* in Section I, collateral estoppel with respect to claim 14 is not appropriate based on the '483 adjudicated claims, the '032 adjudicated claims, or claim 1 of the '816 patent. This is because claim 14 of the '816 patent contains additional limitations that materially alter the question of validity (e.g., "a *first* one of the plurality of application servers configured to execute a *first* application" and "a *second* one of the plurality of application servers … either (a) configured to receive a *second* application … or (b) configured to cause an execution of the *second* application"). These additional

limitations are lacking in the other adjudicated claims and preclude application of collateral estoppel. *See supra* Section I.

Given that the Board's finding with respect to claim 14 of the '816 patent should be affirmed, so to must the Board's finding with respect to claims 15 through 19, which depend from claim 14. *See Fritch*, 972 F.2d at 1266.

## CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, Hammond respectfully requests that this Court affirm the Board's findings with respect to claim 14 of the '816 patent and its dependent claims.

Dated: March 7, 2022

Respectfully submitted,

*/s/ Timothy E. Grochocinski*
Timothy E. Grochocinski
C. Austin Ginnings
NELSON BUMGARDNER CONROY PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
(708) 675-1975
tim@nelbum.com
austin@nelbum.com

*Counsel for Appellee*
*Hammond Development International, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2021-2218

**Short Case Caption:** Google LLC v. Hammond Development International, Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

- ☑ the filing has been prepared using a proportionally-spaced typeface and includes 6,368 words.
- ☐ the filing has been prepared using a monospaced typeface and includes ________ lines of text.
- ☐ the filing contains ________ pages / ________ words / ________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ________).

Date: 03/07/2022

Signature: /s/ Timothy E. Grochocinski

Name: Timothy E. Grochocinski

Save for Filing